## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**HAROLD JUSTIN HESTER**                                                                       **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 1:22-CV-P80-GNS**

**SOUTHERN HEALTH PARTNERS** *et al.*                                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but provide him the opportunity to amend his complaint.

### I.

Plaintiff Harold Justin Hester is incarcerated as a convicted prisoner at the Warren County Regional Jail (WCRJ). He names as Defendants the WCRJ and Southern Health Partners (SHP).

Plaintiff makes the following allegations in the complaint:

Well first off I want to tell you that I was sick in mid-April of "2022" and I started putting medical requests in 2 days after I started feeling ill. They took 4 whole days to finally see me the first time where at that time I told the medical staff at [WCRJ] that my heart and lungs were hurting and I couldn't breathe. And even though I was and still am on high blood pressure medication on top of being on a cardiac diet here at [WCRJ], they never sent me to an outside hospital or even have me see an in-house nurse, which I'm sure that is Protocol. Instead I was told that I had acid reflux and take myself back to my cell before they put me in the hole, when obviously I was in need of serious medical attention. So this goes on the same way for over a month until they finally had to do a medical all call to extract me from a top bunk where I was unconscious with a temperature of 103.9 and the EMT's had to take me to the hospital where they run cat scans, EKG's, bloodwork, chest X-rays, and everything, where in my fact my test came back terrible, I had double pneumonia in both lungs. I had developed a "para-cardial" effusion of my heart along with "myo-carditis" of the heart, I had to have 650 ml of fluid drained off my left lung that caused my heart to stop. I also have been back to the hospital 3 other times admitted because of complications due the same thing due to improper medical care from [SHP] and [WCRJ] staff. Also, all is documented as they put me in for a medical transfer to a state facility. I truly feel both Parties involved violated my civil rights with not providing proper medical care.

As relief, Plaintiff seeks damages and "medical parole."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes the complaint as asserting Eighth Amendment claims for deliberate indifference to Plaintiff's serious medical needs against Defendants WCRJ and SHP. Because the WCRJ is not an entity subject to suit under § 1983, Plaintiff's claim against it is actually against Warren County. *See, e.g.*, *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (holding that a jail "is not an entity subject to suit under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private entities contracted to provide medical services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides

medical care to inmates); *see also Braswell v. Corr. Corp. of Am.,* 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d 810, 814 (6th Cir. 1996)).

"A municipality may not be held liable under § 1983 on a respondeat superior theory—in other words, 'solely because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691). Instead, liability of a municipality or a contracted private entity must be based on a policy or custom. *Street*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body [or entity] under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). To establish a municipal or corporate custom or policy, a plaintiff must sufficiently demonstrate: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision[-]making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

The complaint contains no allegations which suggest that the alleged violation of Plaintiff's constitutional rights was the result of a custom or policy implemented or endorsed by Warren

County or SHP. Accordingly, the Court will dismiss Plaintiff's claims against them for failure to state a claim upon which relief may be granted.

As to Plaintiff's request for medical parole, this relief is not available in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Nonetheless, prior to dismissing this action, the Court will provide Plaintiff with the opportunity to amend the complaint to name as Defendants in their individual capacities any persons who allegedly violated his rights under the Eighth Amendment by being deliberately indifferent to his serious medical needs. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that under Fed. R. Civ. P. 15(a) "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [(Prison Litigation Reform Act)].").

**IV.**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against the WCRJ and SHP are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, Plaintiff may file an amended complaint in which he names as Defendants in their individual capacities any persons who allegedly violated his rights and describe the facts detailing what each Defendant allegedly did to violate his rights.

If Plaintiff fails to timely file an amended complaint, the Court will dismiss this action for the reasons set forth herein. If Plaintiff files an amended complaint, the Court will review it under § 1915A.

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate the WCRJ and SHP as parties to this action**. The **Clerk of Court** is further **DIRECTED** to place the instant case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with four blank summons forms, for his use should he decide to file an amended complaint.

Date: August 18, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Warren County Attorney
4416.011