## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**HAROLD JUSTIN HESTER**                                                     **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 1:22-CV-P80-GNS**

**SOUTHERN HEALTH PARTNERS** *et al.*                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

### I.

Plaintiff Harold Justin Hester is incarcerated as a convicted prisoner at Warren County Regional Jail (WCRJ). Upon initial review of the complaint pursuant to § 1915A, the Court dismissed Plaintiff's Eighth Amendment claims for deliberate indifference to his serious medical needs against Defendants WCRJ and Southern Health Partners (SHP) but provided Plaintiff an opportunity to file an amended complaint (DN 8).

In the amended complaint (DN 10), Plaintiff names SHP Nurse Sammy Wilson and WCRJ Jailer Stephen Harmon as Defendants. Plaintiff sues these Defendants in both their official and individual capacities. He also names Warren County and SHP as Defendants.

Plaintiff makes the following allegations in the amended complaint:

> So first off I'm stating that I'm going to tell you that Sammy Wilson violated my constitutional rights and 8th Amendment by not giving me proper healthcare, resulting in medical malpractice and medical negligence by not seeing me after being sick for a month and a half. And every time I told her that my that my lungs and heart were was hurting she told me that I had heartburn and acid reflux and told me to take my "ass" back down stairs before she put me in the hole, this happened from mid April of 2022 until May 27, 2022 until one of my cellmates come over to my bunk to see if I was alright when in fact I was unconscious with a temper of

103.9 and at that time they drug me off my bunk and cut my shirt off and layed me on the cold concrete floor and did nothing else until the EMT's got to the cell with the backboard at that time they carried me upstairs and put me on the stretcher where they immediately rushed me to the Medical Center here in Bowling Green where they ran test on me including EKG's, cat-scans, MRI, Blood work, urine samples, where they found me to have double pneumonia in both my lungs, 650 ml on my left lung, 700 ml fluid on my right lung when in turn it shifted the fluid and I went into cardiac arrest where I died for 39 seconds all because I didn't get proper medical care from [SHP] and the acting supervisor Sammy Wilson they had as an employee where she got terminated for medical neglegence.

And I'm also suing Jailer Stephen Harmon and Warren County for neglegence they let go on here at the WCRJ knowing good well what was going on even after Medical Grievances I had filed, they continued letting this go on time and time again, it's not right at all.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The Court construes the amended complaint as asserting Eighth Amendment claims for deliberate indifference to Plaintiff's serious medical needs under § 1983 and state-law negligence claims against all Defendants.

**A. Eighth Amendment Claims under § 1983**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### 1. Official-Capacity Claims and Claims against Defendants Warren County and SHP

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant SHP Nurse Wilson is actually against Defendant SHP and his official-capacity claim against Defendant WCRJ Jailer Harmon is actually against Defendant Warren County.

The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities, such as Defendant Warren County, applies to private entities contracted to provide medical services to inmates, such as Defendant SHP. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d 810, 814 (6th Cir. 1996)).

"A municipality may not be held liable under § 1983 on a respondeat superior theory—in other words, 'solely because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 658 at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358,

363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body [or entity] under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). To establish a municipal or corporate custom or policy, a plaintiff must sufficiently demonstrate: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision[-]making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

The complaint contains no allegations which suggest that the alleged violation of Plaintiff's constitutional rights was the result of a custom or policy implemented or endorsed by Defendant Warren County or SHP. Accordingly, the Court will dismiss Plaintiff's official-capacity claims against Defendants Wilson and Harmon, as well as his claims against Defendants Warren County and SHP, for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims

#### a. Defendant WCRJ Jailer Harmon

Plaintiff indicates that he seeks to hold Defendant Harmon liable because he failed to take action to help Plaintiff even after Plaintiff filed multiple medical grievances. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). *See also Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied

an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same).

Thus, Plaintiff's Eighth Amendment claim based upon Defendant Harmon's alleged failure to act upon the information contained in Plaintiff's medical grievances must be dismissed for failure to state a claim upon which relief may be granted.

### b. Defendant SHP Nurse Wilson

Upon review, the Court will allow an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs to proceed against Defendant Wilson in her individual capacity.

### B. State-Law Negligence Claims

Upon consideration of the allegations set forth in the complaint and amended complaint, the Court will also allow Plaintiff's state-law negligence claims to proceed against all Defendants at this time.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED that Plaintiff's Eighth Amendment claims against Defendants Wilson and Harmon in their official capacities and against Defendants Warren County and SHP are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

Date: October 13, 2022

cc: Plaintiff, *pro se*
     Defendants
4416.011

Greg N. Stivers, Chief Judge
United States District Court